**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CHRISTIAN DECENA, ET AL.,** | Case No.  4:23-cv-03633-YGR |
| **Plaintiffs,** | |
| | **ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO DISMISS AND DENYING THE MOTION TO STRIKE IN THE ALTERNATIVE** |
| **v.** | |
| **ALLEGIANT FINAL MILE, INC., ET AL.** | |
| **Defendants.** | Re:  Dkt. No. 6 |

Plaintiffs Christian Decena, Hairon Martinez, Miguel Rios, and Rigoberto Godoy bring this putative class action lawsuit against three defendants—Allegiant Final Mile, Inc. ("Allegiant"), Diverse Logistics & Distribution, Inc. ("DL&D"), and Mattress Firm, Inc. ("MFI")—for violations of California employment laws and regulations, including failure to pay minimum wage (Count 1); failure to pay overtime compensation (Count 2); failure to reimburse employment expenses (Count 3); unlawful deduction from wages (Count 4); failure to provide meal periods (Count 5); failure to authorize and permit rest periods (Count 6); failure to furnish accurate wage statements (Count 7); and waiting time penalties (Count 8).  Plaintiffs also allege violations of California's Unfair Business Practices Act (Count 9) and bring a claim under the California Private Attorneys General Act (Count 10).

Defendants Allegiant and DL&D move to dismiss for failure to state a claim or in the alternative, move to strike or dismiss the Second, Fifth, and Sixth Causes of Action in the First Amended Complaint, (Dkt. No. 1-1, "FAC").  Having carefully considered the parties' arguments, and for the reasons set forth herein, the Motion to Dismiss for Failure to State a Claim is **GRANTED IN PART AND DENIED IN PART** and the Motion to Strike in the Alternative is **DENIED.**[1]

---

[1]  Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  I.   BACKGROUND[2]

2       The FAC alleges as follows:

3       Plaintiffs bring this suit on behalf of "Drivers," "Helpers," and "Contract Carriers"

4  (together, "Delivery Drivers") who perform delivery services for defendants.  The named plaintiffs

5  work as "Drivers" or "Helpers" pursuant to "Broker/Carrier Agreements" with defendants

6  Allegiant and DL&D, who in turn manage the planning and execution of "last mile deliveries" to

7  retail customers such as defendant MFI.  (*Id.* ¶¶ 11, 13, 14, 24, 25, 30, 36.)  Through these

8  "Broker/Carrier Agreements," defendants reserve and exercise the right to control how the

9  Delivery Drivers perform their duties for defendants.  (*Id.* ¶ 14.)  For example, defendants employ

10 supervisory employees who instruct the Delivery Drivers on their job performance and

11 assignments; require the Delivery Drivers to purchase or rent certain tools and equipment from

12 defendants; and reserve the right to control the Delivery Drivers' physical appearance, including

13 requiring them to wear defendants' uniforms.  (*Id.* ¶¶ 28–30.)  In practice, defendant MFI is also

14 "greatly involved in the training and expected conduct of the Delivery Drivers."  (*Id.* ¶ 25.)

15      Defendants allegedly misclassified plaintiffs and the other Delivery Drivers as independent

16 contractors.  (*Id.* ¶ 26.)  Defendants thus have failed to reimburse the Delivery Drivers for

17 necessary business expenditures; failed to pay wages for all hours worked by the Delivery Drivers;

18 failed to pay the Delivery Drivers applicable legal minimum wages and overtime wages; failed to

19 provide meal and rest periods due to Delivery Drivers; failed to provide the Delivery Drivers with

20 timely and accurate wage and hour statements; failed to pay the Delivery Drivers compensation in

21 a timely manner upon their termination or resignation or maintain complete and accurate payroll

22 records for the Delivery Drivers; and wrongfully withheld wages and compensation due to the

23 Delivery Drivers.  (*Id.* ¶¶ 23–35, 50–117.)

24

25

26      [2] Defendants' Request for Judicial Notice (Dkt. 10) of certain public documents is

27 granted.  However, the Court only gives the documents their proper evidentiary weight and does
not admit the truth of the facts therein.  *See Disabled Rights Action Comm. v. Las Vegas Events,*

28 *Inc.* 375 F.3d 861, 866 n.1 (9th Cir. 2004) (courts may "take notice of the records of state agencies
or other undisputed matters of public record").

United States District Court
Northern District of California

1    II.    **LEGAL FRAMEWORK**

2        A.    **Motion to Dismiss for Failure to State a Claim**

3        A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims

4    alleged in the complaint. *Ileto v. Glock. Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003). To

5    survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the

6    minimal notice pleading requirements of Federal Rule of Civil Procedure 8. The complaint need

7    only include a "short and plain statement of the claim showing that the pleader is entitled to

8    relief." Fed. R. Civ. P. 8(a)(2). Specific facts are unnecessary—the statement need only give the

9    defendant "fair notice of the claim and the grounds upon which it rests." *Erickson v. Pardus*, 551

10   U.S. 89, 93 (2007) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Allegations

11   of material fact are taken as true. *Id.* at 94. However, legally conclusory statements, not

12   supported by actual factual allegations, need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662,

13   678 (2009). Plaintiffs' obligation to provide the grounds of their entitlement to relief "requires

14   more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

15   will not do." *Twombly*, 550 U.S. at 555 (citations and quotations omitted). Rather, the allegations

16   in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

17       B.    **Motion to Strike**

18       A court "may strike from a pleading an insufficient defense or any redundant, immaterial,

19   impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a [Rule] 12(f) motion

20   to strike is to avoid the expenditure of time and money that must arise from litigating spurious

21   issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618

22   F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.

23   1993) *rev'd on other grounds*, 510 U.S. 517 (1994)). "Motions to strike 'are generally disfavored

24   because they are often used as delaying tactics and because of the limited importance of pleadings

25   in federal practice.'" *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 879 (N.D. Cal.

26   2011) (quoting *Rosales v. Citibank, Fed. Sav. Bank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal.

27   2001)). Further, because Rule 12(f) motions are disfavored, "courts often require a showing of

28   prejudice by the moving party before granting the requested relief." *Sanchez v. City of Fresno*,

3

1    914 F. Supp. 2d 1079, 1122 (E.D. Cal. 2012) (quoting *Cal. Dep't of Toxic Substances Control v.*

2    *Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)).

3    **III.    ANALYSIS**

4         **A.    Failure to State a Claim as to All Counts**

5         Defendants argue that the FAC fails to adequately define the named plaintiffs' relationship

6    with defendants and thus fails to state a claim as to any of the counts alleged.  On this front, the

7    pleadings are indeed confusing (*see infra* III.(D)), even where the Court construes the pleadings

8    with every inference in favor of plaintiffs.  *Ass'n for Los Angeles Deputy Sheriffs v. Cnty. of Los*

9    *Angeles*, 648 F.3d 986, 994 (9th Cir. 2011).

10        Plaintiffs allege that defendants engaged the services of "Delivery Drivers"—which

11   includes plaintiffs—and allegedly misclassified them as independent contractors.  These

12   allegations sufficiently tie the named plaintiffs with defendants despite certain inconsistencies in

13   the pleadings.  Because defendants only specifically challenge the FAC's allegations relating to

14   plaintiffs' relationships with defendants, their generalized attack on all causes of actions alleged is

15   **DENIED**.  That said, plaintiffs shall clarify the inconsistencies of their pleadings and provide

16   allegations showing the employment and contractual relationships at issue, including but not

17   limited to the function of the limited liability entities referred to in the FAC. In this regard, the

18   motion is **GRANTED WITH LEAVE TO AMEND.**

19        **B.    Failure to Provide Meal Periods (Count 5) and Failure to Authorize and**
            **Permit Rest Periods (Count 6)**
20

21        Defendants argue that federal law preempts plaintiffs' California meal and rest period

22   claims.  In 2018, the Federal Motor Carrier Safety Administration (FMCSA) determined that

23   California's meal and rest break laws are preempted by the federal regulations for commercial

24   motor carriers covered by the Department of Transportation's Hours of Service regulations ("HOS

25   regulations").  *See International Brotherhood of Teamsters, Local 2785 v. Federal Motor Carrier*

26   *Safety Administration*, 986 F.3d 841, 858 (9th Cir. 2021), *cert. denied sub nom. Trescott v.*

27

28

United States District Court
Northern District of California

4

1   *Federal Motor Carrier Safety Administration*, 142 S.Ct. 93 (2021).  Preemption for the meal and

2   rest claims therefore turns on whether plaintiffs are subject to FMCSA's HOS regulations.[3]

3         Even though not specifically pled, plaintiffs argue that as short-haul truck drivers they are

4   entirely exempt from HOS rules and that the FAC should be construed to include the same.  In

5   support of their position, plaintiffs primarily rely on a pair of Ninth Circuit cases.  The Court

6   provides the following analysis to inform further pleading.

7         Neither of plaintiffs' cases are directly on point.  In the first case, *Dilts v. Penske Logistics*,

8   769 F.3d 637 (9th Cir. 2014), the Ninth Circuit held that a provision of the Federal Aviation

9   Administration Authorization Act of 1994 (FAAAA), not at issue here, did not preempt

10  California's Meal and Rest Break rules.  The court noted in a footnote that:

> Were we to construe Defendant's argument as an "as applied" challenge, we would reach
> the same conclusion and, if anything, find the argument against preemption even stronger.
> Plaintiff drivers work on short-haul routes and work exclusively within the state of
> California. They therefore are not covered by other state laws or federal hours-of-service
> regulations, 49 C.F.R. § 395.3, and would be without *any* hours-of-service limits if
> California laws did not apply to them.

15  *Id.* at 648 n.2.  In the second case, *Int'l Bhd. of Teamsters, Loc. 2785*, the Ninth Circuit upheld the

16  FMCSA's preemption determination from the 2018 Order at issue in this section.  986 F.3d at 853.

17  In doing so, it found that *Dilts* was not controlling because it addressed a different statute, and

18  further distinguished *Dilts* by observing that "the plaintiffs in *Dilts* worked exclusively in

19  California as short-haul drivers and were thus not even 'covered by . . . federal hours-of-service

20  regulations.'" *Id.* (citing *Dilts*, 769 F.3d at 648 n.2).

21        Defendants persuasively argue that the proposition in *Dilts* is non-binding dictum because

22  the relevant statement in *Dilts* supports a policy argument for an alternative interpretation of the

23  challenge at issue in that case.  Defendants further argue that the proposition is incorrect

24  regardless, pointing out that *Dilts* relied on 49 C.F.R. § 395.3, which only deals with the short-

25  haul exceptions for rest periods and does not establish a wide-ranging exemption.  In support of

26  this interpretation, defendants cite the recent California state appeals case, *Espinoza v. Hepta Run,*

27

28      [3]  Plaintiffs do not appear to contest that they fall within the definition of "commercial
motor carrier."

United States District Court
Northern District of California

United States District Court
Northern District of California

1    *Inc.*, which held that "the [federal Hours of Service regulations] rules, as a general matter, apply to

2    short-haul drivers.  The fact that those drivers are exempted from one rule does not remove them

3    from the universe of drivers subject to the [federal Hours of Service regulations], and it is not

4    reasonable to read the language of the order to suggest that they are."  74 Cal.App.5th 44, 55

5    (2022), *review denied* (Apr. 27, 2022).

6         Further, the Court agrees that defendants' argument that *Espinoza*'s reading comports with

7    a plain reading of 49 C.F.R. § 395.3, which provides: "(a) Except as otherwise provided in §

8    395.1, no motor carrier shall permit or require any driver used by it to drive a property-carrying

9    commercial motor vehicle, nor shall any such driver drive a property-carrying commercial motor

10   vehicle, regardless of the number of motor carriers using the driver's services, unless the driver

11   complies with the following requirements[.]"  One of these requirements involves "[d]riving time

12   and interruptions of driving periods," which includes: "[i]nterruption of driving time.  Except for

13   drivers who qualify for either of the short-haul exceptions in § 395.1(e)(1) or (2), driving is not

14   permitted if more than 8 hours of driving time have passed without at least a consecutive 30-

15   minute interruption in driving status . . . ."  49 C.F.R. § 395.3(a).

16        Section 395.1(a)(1) provides the default rule that the HOS regulations "apply to all motor

17   carriers and drivers, except as provided in paragraphs (b) through (x) of this section."  Section

18   395.1(e) in turn sets forth some specific limits on driving time and record-keeping requirements

19   with respect to short-haul drivers, but it does not altogether exempt them from the HOS

20   regulations.  Specifically, Section 395.1(e)(1) provides that a "driver is exempt from the

21   requirements of §§ 395.8 and 395.11" if, among other things, the driver operates within a 150 air-

22   mile radius of the normal work reporting location.  Similarly, Section 395.1(e)(2) provides that a

23   driver is exempt from various requirements if among other things, the driver operates within a 150

24   air-mile radius of the normal work reporting location.  Defendants argue that if the short-haul

25   exemptions in Section 395.1(e) were intended to exempt such drivers from the HOS regulations

26   altogether, these opening sentences in Sections 395.1(e)(1) and 395.1(e)(2) would be rendered

27   unnecessary.

28        The parties raise a conflict in the law recently identified in *Sobaszkiewicz v. FedEx Corp.*,

United States District Court
Northern District of California

1  No. 18-CV-07553-PJH, 2022 WL 4004773 at \*6–7 (N.D. Cal. Sept. 1, 2022) (recognizing conflict

2  between *International Bhd. of Teamsters* and *Dilts* and *Espinoza*).  In that case, and on a minor

3  issue, the court noted that the uncertainty around the short-haul driver exception was insufficiently

4  briefed and allowed the plaintiffs' overtime claim to go forward given that defendant faced the

5  burden of proving preemption applied.  *Id.*  This Court departs from that decision.  First, the Court

6  finds that the relevant statement in *Dilts* amounts to dictum and is not binding.  The statement in

7  *Teamsters* similarly did not directly support a holding and only distinguished the factual situation

8  from *Dilts* using *Dilts* own words.  *See Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1173 (9th Cir.

9  2004) (circuit court's statement is non-binding dictum when it is "made during the course of

10  delivering a judicial opinion, but unnecessary to the decision.")  Second, there is no indication in

11  the statute that short-haul drivers are entirely exempt from the HOS regulations.  A plain reading

12  of the statute conveys that short haul drivers are only specifically exempt from certain delineated

13  portions of these regulations.

14      It is not clear from the FAC that the drivers at issue here fall within those delineated

15  portions, and given the exemption, the Court is not willing to assume they are.  Accordingly, the

16  Court **GRANTS** the motion with leave to amend.

17  ### C.  Failure to Pay Overtime Compensation (Count 2)

18      Defendants move to dismiss the overtime claim on the grounds that federal law preempts

19  California law on this issue.  Again the Court provides guidance:

20      California Code of Regulations (CCR) Title 8, section 11020, subdivision 3(J)(1) provides

21  that federal law applies to employees whose hours of service are regulated by the United States

22  Department of Transportation Code of Federal Regulations, Title 49, Sections 395.1 to 395.13,

23  Hours of Service of Drivers.  CCR Title 8, section 11020, subdivision 3(J)(2) also provides that

24  federal law applies to employees regulated under Title 13, Section 1200a of the CCR.  The latter

25  provision, in turn, applies to vehicles listed in CCR Vehicle Code Section 34500.  Subsection (j)

26  of Section 34500, in turn, applies to "[a]ny other motortruck not specified in subdivisions (a) to

27  (h), inclusive or subdivision (k) that is regulated by … the United States Secretary of

28  Transportation."

1          For the reasons set forth above, plaintiffs appear to be governed by the U.S. Department of

2   Transportation, which would preclude the state overtime claim.  Plaintiffs counter that they can

3   plead facts suggesting that they fall into subdivision (k) of Section 34500, which involves the

4   weight of the trucks at issue.  This point appears irrelevant as plaintiffs already fall within the

5   purview of section 11020, subdivision 3(J)(1).

6          The Court **GRANTS** the motion with leave to amend.

7          **D.      Motion to Strike Under Rule 12(f)**

8          Defendants move under Rule 12(f) to strike class allegations from the suit involving the

9   work of "Drivers and Helpers" because the pleadings in the FAC do not clearly establish that

10  defendants owe these parties a payment obligation.  The Court agrees that allegations relating to

11  the definitions provided are far from clear.  (*Compare* FAC ¶ 33 (Delivery Drivers "engage other

12  Drivers and Helpers *at their own expense*") *with* FAC ¶ 30 (Delivery Drivers (defined to include

13  Contract Carriers, Drivers and Helpers) are "each paid a flat rate by the Defendants")).  Indeed,

14  the FAC does not clarify whether plaintiffs are Contract Carriers, Drivers, or Helpers, and what

15  these categories exactly entail.  As noted, the Court construes the pleadings in favor of plaintiffs to

16  establish plausible liability between Delivery Drivers and defendants.  Generally, whether

17  plaintiffs can adequately represent a class containing all three categories under the "Delivery

18  Driver" category is a question better determined on a motion for class certification.  *See*

19  *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) ("[I]t is in

20  fact rare to [strike class allegations] in advance of a motion for class certification."); *In re Wal-*

21  *Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) ("[T]he granting

22  of motions to dismiss class allegations before discovery has commenced is rare").

23          However, the Court cannot determine whether the other references are meant to include the

24  putative class or not.  Plaintiffs shall clarify.  Defendants' claims of unwarranted expenses relating

25  to these class members does not compel the Court to strike these allegations.  The Court **GRANTS**

26  the motion as instructed herein with leave to amend.

27  **IV.     CONCLUSION**

28          For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss with leave to amend

*United States District Court*
*Northern District of California*

8

1   plaintiffs' claims for failure to pay overtime (Count 2); failure to provide meal periods (Count 3);

2   and failure to provide rest periods (Count 4).  The Court also **GRANTS** the motion to clarify but

3   otherwise **DENIES** the Motion to Dismiss and Motion to Strike in the Alternative.

4        Plaintiffs shall file an amended complaint within twenty-one (21) days of this Order and

5   comply with paragraph 13 of the standing order.  Defendants shall respond within twenty-one (21)

6   days thereafter and shall not assert any new arguments which could have been asserted in the first

7   instance.  Parties are encouraged to avoid further motion practice on these topics.

8        This terminates Docket No. 6.

9        **IT IS SO ORDERED.**

10  Dated: January 2, 2024

        **YVONNE GONZALEZ ROGERS**
        **UNITED STATES DISTRICT COURT JUDGE**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California