UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTIAN DECENA, HAIRON MARTINEZ, MIGUEL RIOS, AND RIGOBERTO GODOY ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiffs,<br><br>v.<br><br>**ALLEGIANT FINAL MILE, INC., A FLORIDA CORPORATION; DIVERSE LOGISTICS & DISTRIBUTION, INC., A FLORIDA CORPORATION; MATTRESS FIRM, INC., A DELAWARE CORPORATION; AND DOES 1 THROUGH 25, INCLUSIVE,**<br><br>Defendants. | CASE NO. **4:23-CV-03633-YGR**<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND SETTING DEADLINES FOR NOTICE, OBJECTION, EXCLUSION, AND FINAL FAIRNESS HEARING**<br><br>Dkt. No. 54 |

On October 1, 2024, the Court held a hearing on the motion of plaintiffs Christian Decena, Hairon Martinez, Miguel Rios, and Rigoberto Godoy for conditional certification of a settlement class in this action; preliminary approval of the parties' proposed settlement; approval of the Class Notice Packet; appointing Class Representatives, Class Counsel and the proposed Settlement Administrator; and setting a date for the hearing on final approval of the settlement. (Dkt. No. 56.) Armand Kizirian appeared for plaintiffs; and Andrew J Butcher appeared for defendants.

Having considered the motion briefing, the arguments of counsel, the relevant law, the terms of the settlement agreement and the class notice, as well as the record in this case, and based on the reasons and terms set forth herein, the Court **GRANTS** the parties' motion for preliminary approval of class action settlement.

**I.   BACKGROUND**

On March 24, 2023, plaintiffs filed the putative class action complaint against defendants in the Superior Court of California for Alameda County.  Plaintiffs, bringing the suit on behalf of "Drivers," "Helpers," and "Contract Carriers" (together, "Delivery Drivers") who performed

delivery services for defendants, alleged defendants misclassified its Delivery Drivers as independent contractors. (Dkt. No. 1-1.) Plaintiffs alleged nine causes of action under California state law arising out of this misclassification, including failure to pay minimum wage and overtime compensation. (*Id.*) On June 6, 2023, plaintiffs filed a first amended complaint adding a tenth cause of action under California's Private Attorneys General Act. Defendant Mattress Firm removed the case to the U.S. District Court for the Northern District of California on July 21, 2023. (Dkt. No. 1.) Plaintiffs' operative second amended complaint, filed on June 16, 2024, alleges the following causes of action:

    (i) failure to pay minimum wage under California Labor Code sections 1182.11, 1194 *et seq*; Industrial Wage Commission ("IWC") Wage Order No. 9; and the Minimum Wage Order

    (ii) failure to pay overtime compensation under California Labor Code sections 510, 1194 *et seq*, and IWC Wage Order No. 9

    (iii) reimbursement of employment expenses under California Labor Code section 2802

    (iv) unlawful deductions from wages under California Labor Code sections 221, 223, and IWC Wage Order No. 9

    (v) failure to provide meal periods under California Labor Code sections 226.7, 512, and IWC Wage Order No. 9

    (vi) failure to authorize and permit rest periods under California Labor Code section 226.7 and IWC Wage Order No. 9

    (vii) failure to furnish accurate wage statements under California Labor Code sections 226, 226.3, and IWC Wage Order No. 9

    (viii) waiting time penalties under California Labor Code sections 201-03

    (ix) unfair business practices under California Business and Professions Code sections 17200-09

Plaintiffs' tenth cause of action realleges and incorporates by reference all the above claims under the Private Attorneys General Act ("PAGA"), California Labor Code sections 2698 *et seq*. (Dkt. No. 46.)

Prior to class certification, the parties reached an agreement as to a settlement amount on January 16, 2024, with the assistance of an experienced mediator, Antonio Piazza, Esq. However, the parties continued negotiations regarding specific terms into June 2024. (Dkt. No. 54, Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (hereafter, the "Motion"), at 5.)

On August 23, 2024, plaintiffs filed their motion requesting preliminary approval of a settlement agreement (hereafter, the "Settlement Agreement"). (Dkt. No. 54-1.)

### A.   Terms of the Settlement Agreement

Under the terms of the Settlement Agreement, defendant Allegiant will pay $900,000 into a common settlement fund, without admitting liability. This amount includes attorneys' fees and costs, the cost of class notice and settlement administration, the class representatives' service award, and PAGA penalties.

#### *1.   Attorneys' Fees and Costs*

Under the Settlement Agreement, Plaintiff's counsel agreed to seek up to $297,000 in attorneys' fees and no more than $25,000 in litigation costs. The common settlement fund also includes a provision for $17,270 in settlement administration costs; $22,500 for PAGA payments to the California Labor and Workforce Agency ("LWDA"); and up to $10,000 to be paid to each plaintiff, namely Christian Decena, Hairon Martinez, Miguel Rios, and Rigoberto Godoy, as an incentive award in exchange for a general release of all claims against defendant.

#### *2.   Class Relief*

After deductions from the common fund for fees, costs, payments to the LWDA, and service incentive awards, approximately $498,230 will remain to be distributed among the participating Settlement Class Members and PAGA Group Members.[1] Settlement Class Members and PAGA Group Members will be paid pro rata based on the number of qualifying workweeks worked. Dividing this amount across the roughly 600 participating class members yields an average recovery

---

[1] In addition to paying Settlement Class Members, the Settlement Agreement allocates $7,500 for PAGA Group Members in connection with the resolution of all claims under PAGA. The PAGA Group covers claims arising out of a shorter time period than the Settlement Class and allocates funds according to a separate payment rate for qualifying workweeks.

3

1  of approximately $830 per class member.  The Settlement Agreement provides that no amount will
2  revert to defendant.

### 3. *Cy Pres/Remainder*

The Settlement Agreement provides that when checks mailed to participating class members are not redeemed or deposited within 180 days of disbursement, such funds will be tendered to the California State Controller's Unclaimed Property Fund in the name of the individual Settlement Class Member or PAGA Group Member who did not cash the check.

## II. PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

### A. Legal Standard

A court may approve a proposed class action settlement of a certified class only "after a hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class certification.  Fed. R. Civ. P. 23(e)(2).  In reviewing the proposed settlement, a court need not address whether the settlement is ideal or the best outcome, but only whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class.  *See Hanlon v. Chrysler Corp.*, 150 F.3d at 1027.  The *Hanlon* court identified the following factors relevant to assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement.  *Id.* at 1026 (citation omitted); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Settlements that occur before formal class certification also "require a higher standard of fairness."  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).  In reviewing such settlements, in addition to considering the above factors, a court also must ensure that "the settlement is not the product of collusion among the negotiating parties."  *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011).

**B.    Class Definition and Basis for Conditional Certification**

The Settlement Agreement, attached hereto as **Exhibit A**, defines two classes:

> Settlement Class Members: (a) all individuals who provided services to Allegiant delivering Mattress Firm products as contract carrier owners, drivers and/or helpers in the State of California; and (b) all contract carrier owners who owned or controlled an entity that contracted directly with Allegiant and provided delivery services delivering Mattress Firm products in the State of California, at any time during the Class Period. [2]
>
> PAGA Group Members: (a) all individuals who provided services to Allegiant delivering Mattress Firm products as contract carrier owners, drivers and/or helpers in the State of California; and (b) all contract carrier owners who owned or controlled an entity that contracted directly with Allegiant and provided delivery services delivering Mattress Firm products in the State of California, at any time during the PAGA Period. [3]

The proposed class is different from that alleged in the complaint.[4]

The Court finds that, for purposes of settlement, plaintiffs have satisfied the requirements of Rule 23(a) as well as the requirements for certification under one or more subsections of Rule 23(b). With respect to numerosity under Rule 23(a)(1), the Settlement Class includes approximately 600 members, making it so numerous that joinder of all members is impracticable.

Rule 23(a)(2) commonality requires "questions of fact or law common to the class," though all questions of fact and law need not be in common. *Hanlon*, 150 F.3d at 1026. The focus of this action—whether defendants misclassified their Delivery Drivers as independent contractors—is common to all class members.

Rule 23(a)(3) requires that the plaintiff show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Plaintiffs, like all members

---

[2] The Settlement Agreement defines "Class Period" as "the period from January 1, 2020 through the date the Court grants preliminary approval of this Settlement."

[3] The Settlement Agreement defines "PAGA Period" as "the period from March 31, 2022 through the date the Court grants preliminary approval of this Settlement."

[4] Plaintiffs' second amended complaint defines the class as: "All individuals who performed delivery services for Defendants as Contract Carriers, Drivers, and/or Helpers and worked in the State of California delivering goods from Defendant MFI from September 27, 2018 and continuing while this action is pending." (Dkt. No. 46, at 10.) The parties shortened the class period in the Settlement Agreement to "reflect[] the fact that Allegiant did not begin contracting with, and providing services to, Mattress Firm in the State of California until January 1, 2020." (Motion, at 6.)

1    of the Settlement Class and PAGA Class, were Contract Carriers, Drivers, or Helpers in the state of
2    California working for defendants as independent contractors, making plaintiffs' claims typical of
3    other class members.
4      With respect to Rule 23(a)(4), the Court finds the representative parties and class counsel
5    have fairly and adequately represented the interests of the Class.  No conflicts of interest appear as
6    between plaintiffs and the members of the Settlement Class.  Class Counsel have demonstrated that
7    they are experienced and competent counsel with substantial experience litigating independent
8    contractor misclassification suits, and therefore adequate to represent the Settlement Class as well.
9      The Settlement Class further satisfies Rule 23(b)(3) in that common issues predominate and
10   "a class action is superior to other available methods for fairly and efficiently adjudicating" the
11   claims here.
12     Based on the foregoing, the proposed class is conditionally certified pursuant to Rule
13   23(c).

  **C.** **Settlement Agreement Appears Fair and Reasonable**

15     The settlement agreement, a copy of which is attached hereto as Exhibit A ("Settlement
16   Agreement"), is granted preliminary approval pursuant to Rule 23(e)(2).  Based upon the
17   information before the Court, the Settlement Agreement falls within the range of possible approval
18   as fair, adequate and reasonable, and there is a sufficient basis for notifying the Class and for
19   setting a Fairness and Final Approval Hearing.
20     As to the *Hanlon* factors, the Court finds that they indicate the settlement here is fair and
21   reasonable.  Plaintiffs "face a real risk they may not be able to establish [independent contractor]
22   misclassification" under California law for a variety of reasons.  (Motion, at 11).  First, defendants
23   could have imparted the degree of control necessary over its Contract Carriers to make the
24   independent contractor classification proper under California law.  (*Id.*)  Second, a joint
25   employment test,[5] as opposed to a more favorable California "ABC test" could apply to Drivers
26   and Helpers hired by defendant during the relevant period.  (*Id.*)  Third, plaintiffs contend that

---

[5] The joint employment test as set forth in *Martinez v. Combs*, 49 Cal. 4th 35 (2010).

defendants carefully conformed their operations to meet the "ABC test" prior to filing of the suit.[6] (*Id.* at 12.) Even if plaintiffs were able to establish misclassification, several issues would have been difficult to resolve absent settlement, including valuing plaintiffs' claims as to violations of California wage and hour laws; unreimbursed business expenses; and derivative penalties. (*Id.* at 20.) Furthermore, federal law may have preempted plaintiffs' California state law meal and rest break claims. (*Id.* at 12.) Notably, plaintiffs also "[ran] the very real risk of not being able to secure class certification on a contested motion[,]" as defendants' Contract Carriers, Drivers, and Helpers conducted varied operations. (*Id.* at 12-13.) Proceeding to trial would have been costly; recovery was not guaranteed; and there was the possibility of protracted appeals. Even if plaintiffs prevailed, the best-case recovery after trial was less than the amount offered in settlement. The settlement occurred only after extensive litigation including: motions to dismiss and strike, motions to amend plaintiffs' complaint, months-long discovery, and mediation proceedings. Counsel for both parties are highly experienced. The record does not indicate collusion or self-dealing. *See In re Bluetooth*, 654 F.3d at 946-47.

The Settlement Agreement appears to have been the product of arm's length and informed negotiations. The relief provided for the Class appears to be adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreements required to be identified under Rule 23(e)(3)

Moreover, the Settlement Agreement appears to treat Class members equitably relative to each other.

At the October 1 preliminary approval hearing, the Court expressed concerns with the first page of the parties' proposed long-form notice and the payment form. The notice form was not

---

[6] Plaintiffs' motion states: "Allegiant was careful to calibrate operations to allow Contract Carriers flexibility in their work outside of deliveries for Mattress Firm, and utilized a business model that directly contracted only with independent and formally-established businesses with their own fleets of trucks." (Motion, at 12.)

sufficiently easy to understand and the payment form was unnecessarily convoluted. (Dkt. No. 56.) The parties subsequently submitted revised forms on October 9, 2024, which the Court finds sufficient.

Based on the foregoing, the Court conditionally certifies the class and provisionally appoints Michael H. Boyamian and Armand R. Kizirian as Class Counsel and plaintiffs Christian Decena, Hairon Martinez, Miguel Rios, and Rigoberto Godoy as class representatives.

**III.   PLAN OF NOTICE, ALLOCATION, AND ADMINISTRATION**

   **A.   Notice Plan**

A court must "direct notice [of a proposed class settlement] in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "The class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982). Adequate notice requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law. Phillips *Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

The parties' proposed notice plan appears to be constitutionally sound in that plaintiffs have made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

1  The Court approves form of the long-form Notice of Class and Representative PAGA
2  Action Settlement attached as Exhibit B to this Order.  The Court also approves the Payment
3  Information Form attached hereto as Exhibit C.  Taken together these notices are sufficient to
4  inform Class members of the terms of the Settlement Agreement, their rights under the Settlement
5  Agreement, their rights to object to or comment on the Settlement Agreement, their right to
6  receive a payment or opt out of the Settlement Agreement, the process for doing so, and the date
7  and location of the Fairness and Final Approval hearing.  The forms of plan of notice are therefore
8  **APPROVED**.

### B.    Plan of Allocation

The Court preliminarily approves the proposed plan of allocation set forth in the Motion and the class notices.  Class members will receive a Settlement Share unless they send the Settlement Administrator a written request for exclusion.[7]

### C.    Settlement Administrator

Simpluris, Inc. is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement Agreement.

The Settlement Administrator shall distribute the Class Notice according to the notice plan described in the Settlement Agreement and substantially in the form approved herein, no later than November 22, 2024 ("Notice Date").  Proof of distribution of the Class Notice shall be filed by the parties in conjunction with the motion for final approval.

Defendant Allegiant is directed to provide to the Settlement Administrator the Class members' contact data as specified by the Settlement Agreement no later than October 25, 2024,

---

[7] The Settlement Agreement specifies:
"To be valid, the written Request for Exclusion must: (1) include the Class Member's name (and former names, if any), current address, telephone number, and last four numbers of the Class Member's social security number; (2) include a clear statement of intention to be excluded from the settlement; (3) be signed by the Class Member or his or her lawful representative; (4) be returned to the Settlement Administrator at the specified address; and (5) be postmarked by the Response Deadline no later than sixty (60) days after the original date of the Settlement Administrator's mailing of the Notice of Settlement or ten (10) calendar days after the date of re-mailing of the Notice of Settlement (whichever is later)." (Settlement Agreement, at 20.)

1  subject to the Settlement Administrator providing adequate and contractual assurances as to
2  confidentiality and data security.

### D.      Exclusion/Opt-Out

Any Class Member shall have the right to be excluded from the Class by mailing a request for exclusion to the Settlement Administrator no later than February 21, 2025.  Requests for exclusion must be in writing and set forth the following information about the person wishing to be excluded: their name, and former names, if any; address; telephone number; and last four digits of their social security number.  The request for exclusion must be signed by the class member seeking exclusion.  No later than March 4, 2025, Class Counsel shall file with the Court a list of all persons or entities who have timely requested exclusion from the Class as provided in the Settlement Agreement.

Any Class Member who does not request exclusion from the settlement class as provided above shall be bound by the terms and provisions of the Settlement Agreement upon its final approval, including but not limited to the releases, waivers, and covenants described in the Settlement Agreement, whether or not such person or entity objected to the Settlement Agreement and whether or not such person or entity makes a claim upon the settlement funds.

### E.      Objections

Any Class Member who has not submitted a timely request for exclusion from the Settlement Agreement shall have the right to object to (1) the Settlement Agreement, (2) the plan of allocation; and/or Class Counsel's motion for attorneys' fees and Class Representative Awards by: (i) appearance at the Final Fairness and Approval Hearing on Tuesday, March 18, 2025 in person, telephonically, or through an attorney, or (ii) a written statement sent to the Court by mail, as set forth in the Class Notice.[8]  Failure to submit a timely written objection will preclude consideration of the Class Member's later objection at the time of the Fairness Hearing.

---

[8] The Class Notice states:
To object, you may appear at the Final Fairness and Approval Hearing in person or telephonically, have an attorney object for you, or submit a written brief or statement of objection ("Objection") to the Court by Mail at the following address: United States District Court for the Northern District of California, San Francisco Courthouse, Attn: Class Action Clerk, 450 Golden Gate Avenue, San Francisco,

**F.    Attorneys' Fees and Class Representative Awards**

Plaintiffs and their counsel shall file their motion for attorneys' fees and for Class Representative awards no later January 10, 2025.  Each settlement class member shall have the right to object to the motion for attorneys' fees and Class Representative awards by filing a written objection with the Court no later than February 21, 2025, as stated in paragraph 8 above.

Plaintiffs shall file a reply brief responding to any timely objection no later than March 4, 2025.

**G.    Fairness and Final Approval Hearing**

All briefs, memoranda and papers in support of final approval of the settlement shall be filed no later than January 10, 2025.

The Court will conduct a Fairness and Final Approval Hearing on Tuesday, March 18, 2025, at 2:00 p.m., to determine whether the Settlement Agreement should be granted final approval as fair, reasonable, and adequate as to the Class.  The Court will hear all evidence and argument necessary to evaluate the Settlement Agreement and will consider Class Counsel's motion for attorneys' fees and for Class Representative awards.

Class members may appear, by counsel or on their own behalf, to be heard in support of or opposition to the Settlement Agreement and Class Counsel's Motion for attorneys' fees and Class Representative awards by filing a Notice of Intention to Appear no later than February 21, 2025.

The Court reserves the right to continue the date of the final approval hearing without further notice to Class members.

The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

---

CA 94102. You can also submit your written objection electronically through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov. You can also submit your written objection in person at the office of the Clerk of the Court for the United States District Court for the Northern District of California at the address listed above or any location of the United States District Court for the Northern District of California.
(Dkt. No. 54, Exhibit "A", at 7.)

11

**H.     Post-Distribution Accounting**

If final approval is granted, the parties will be required to file a Post-Distribution Accounting in accordance with this District's Procedural Guidance for Class Action Settlements and at a date set by the Court at the time of the final approval hearing. Counsel should prepare accordingly.

| Summary of Key Dates | |
|---|---|
| **Event** | **Date** |
| Class data to be provided to Settlement Administrator | October 25, 2024 |
| Class Notice to be sent by | November 22, 2024 |
| Class Counsel to file their motion for fees and costs and Class Representative awards | January 10, 2025 |
| Motion for Final Approval to be filed by | January 10, 2025 |
| Postmark deadline to submit objection or request for exclusion | February 21, 2025 |
| Class counsel and settlement administrator to submit supplemental statements regarding status of notice program, objections, opt-outs | March 4, 2025 |
| Fairness and Final Approval Hearing | Tuesday, March 18, 2025<br>NOTE: Subject to change without further notice to the Class. |

**IT IS SO ORDERED.**

This terminates Docket No. 54.

Dated: October 10, 2024

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

12